UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61554-CIV-MARRA/JOHNSON

DONNA LANE,

Plaintiff,

vs.

BROWARD COUNTY,
FLORIDA,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Broward County, Florida's Motion to Dismiss (DE 3). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

Defendant Broward County, Florida ("Defendant") filed a Notice of Removal on September 30, 2008 (DE 1) based on the filing of Plaintiff Donna Lane's ("Plaintiff") First Amended Complaint ("FAC") in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. The allegations of the FAC are as follows: Plaintiff is a 61-year old white woman who was demoted from her position as Director of Support Enforcement for Broward County and placed in a lower-paying position as Special Projects Coordinator III at the Waste and Recycling Services. (FAC ¶ 1.) During this time period, a 46-year old African-American woman, who was fired from her position as the Executive Director of the African-American Research Library and Cultural Center, was reinstated to a "lower position" while maintaining her

previous salary. (FAC ¶¶ 1, 16. ) Additionally, Defendant "passed over" Plaintiff for a number of higher paying positions for which she was qualified. (FAC ¶ 1. ) Plaintiff's age, sex and race were the "substantial motivating cause[s]" of this treatment by Defendant. (FAC ¶¶ 17, 34, 44.)

Based on these allegations, Plaintiff brings the following claims: age discrimination in violation of Florida Statute § 112.044 (count one), the Florida Civil Rights Act ("FCRA") (count two) and the Age Discrimination in Employment Act ("ADEA") (count three); race discrimination in violation of Florida Statute § 112.042 (count four), the FCRA (count five) and Title VII of the Civil Rights Act of 1964 ("Title VII") (count six) and sex discrimination in violation of Florida Statute § 112.042 (count seven), the FCRA (count eight) and Title VII (count nine).[1]

Defendant moves to dismiss counts four and seven because Plaintiff has failed to allege that the alleged discrimination by Defendant occurred "solely because of" her race or sex and that she was the most competent individual to perform the required services. In response, Plaintiff states that she properly pled that her race and sex were the substantial motivating causes behind the discriminatory treatment under Florida Statute § 112.042. Furthermore, Plaintiff states that there is nothing in the FAC that suggests Plaintiff is not the "most competent" individual. In the alternative, Plaintiff seeks leave to amend these claims.

---

[1] Counts three, six, seven and eight are mislabeled with respect to either the statute or the basis for discrimination. The Court has properly identified them for purposes of this Order.

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

Section 112.042(1) of the Florida Statutes addresses employment discrimination in county and municipal government. This provision provides:

> It is against the public policy of this state for the governing body of any county or municipal agency, board, commission, department, or office, *solely because of* the race, color, national origin, sex, handicap, or religious creed of any individual, to refuse to hire or employ, to bar, or to discharge from employment such individuals or to otherwise discriminate against such individuals with respect to compensation, hire, tenure, terms, conditions, or privileges of employment, *if the individual is the most competent and able to perform the services required*.

Fla. Stat. § 112.024(1) (emphasis added).

The Court finds that Plaintiff has not properly pled the claims brought pursuant to this statute and they must be re-pled to reflect the statutory requirements of Florida Statute § 112.042.

3

To begin, these claims must state that Plaintiff is the most competent individual who is able to perform the services required.  In reaching this conclusion, the Court relies on Housing Auth. of City of Sanford v. Billingslea, 464 So. 2d 1221, 1224 (Fla. Dist. Ct. App. 1985) which noted the differences between the FCRA and Florida Statute § 112.042.  The Billingslea court observed that whereas the FCRA does not require any showing that the person discriminated against is the most competent and able to perform the services required, Florida Statute § 112.042 does contain this requirement.  Id. at 1224.  Clearly, then, this element must be alleged.

Next, the Court finds that these claims must also be re-pled to reflect the statutory requirement that Plaintiff was discriminated against "solely because of" her race or sex.  Plaintiff has not done this.  Instead, the FAC improperly pleads that sex and race were the "substantial motivating cause[s]" for the discriminatory treatment.  As discussed infra, "substantial motivating cause" means that race or sex was a factor, rather than the exclusive factor, in Defendant's decision. In contrast, the phrase "solely because of" means that race or sex is the exclusive and only factor motivating Defendant's decision.

In so concluding, the Court relies on Farley v. Nationwide Mutual Insurance Co., 197 F.3d 1322 (11th Cir. 1999).   In Farley, the Eleventh Circuit analyzed jury instructions in a case brought pursuant to the Americans with Disabilities Act ("ADA").  The Court interpreted the ADA's statutory requirement that a plaintiff must prove by a preponderance of the evidence that she was discriminated against "because of" her disability to mean that a plaintiff must show that the disability was "a determinative, *rather than the sole*, decision-making factor." Id. at 1334 (emphasis added); see also McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1077 (11th Cir. 1996) (relying on Title VII jurisprudence to reject argument that "because of" means "sole" in

context of the ADA). Farley also noted that the language "because of" is "perfectly consonant" with the term "motivating factor." Id. at 1334. Clearly, then, the phrase "solely because of" is not synonymous with the phrase "substantial motivating cause." See Eleventh Circuit Pattern Jury Instructions (Civil), Title VII-Civil Rights Act, 1.2.1 (2005) (substantial motivating factor means that "it is not necessary for the plaintiff to prove that the plaintiff's [race] was the sole or exclusive reason for the defendant's decision"); McNely, 99 F.3d at 1074 (the language "solely by reason of" in the Rehabilitation Act means it is not enough for a plaintiff to demonstrate that an adverse employment action was based partly on his disability). While the Court has not found a Florida state case that addresses the language "solely because of" in Florida Statute § 112.042, the Billingslea court did note that Florida Statute § 112.042 is a more narrow and less comprehensive statute than the FCRA.[2]  Billingslea, 464 So. 2d at 1224. This decision provides additional support for the Court's finding that the phrase "solely because of" differs from the phrase "substantial motivating factor." Plainly, Florida Statute § 112.042 mandates a higher standard of proof than required under Title VII or the FCRA and thus is incorrectly pled in the FAC. Plaintiff must allege that the discriminatory treatment was solely because of her race or sex.

Based on the foregoing, the Court concludes that counts four and seven brought pursuant to Florida Statute § 112.042 must be dismissed. The Court will, however, grant Plaintiff leave to re-plead these claims to comport with the statutory requirements discussed herein.[3]

---

[2] Florida courts apply Title VII caselaw when they interpret the FCRA. See Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1310 (11th Cir. 2007).

[3] Of course, Plaintiff must re-plead these claims in good faith and subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 3) is **GRANTED**. Counts four and seven are dismissed.  Plaintiff is granted leave to amend counts four and seven consistent with the directives set forth in this Order. Plaintiff shall also correct the mislabeling of counts three, six, seven and eight.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November 2008.

_____
KENNETH A. MARRA
United States District Judge